# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

17th Floor
222 Delaware Avenue
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Tara D. Elliott
302 778-8416

Email
elliott@fr.com

**REDACTED**

March 21, 2013

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE  19801

Re:   *Microsoft Corp. v. St. Clair*
      D. Del. - C.A. No. 10-282-LPS



ATLANTA
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

Dear Judge Stark:

Microsoft moves to compel the continuance of the deposition of third-party witness Michio Fujimura, who is represented by St. Clair's counsel Radar Fishman, and for an order of fees pursuant to Rule 37 of the Federal Rules of Civil Procedure.

In granting Microsoft's motion to amend its pleadings to add the defense that St. Clair lacks standing (D.I. 384), the court permitted an additional discovery period limited to the newly added defense.  Microsoft identified third-party witness Michio Fujimura in a June 22, 2012 joint status report (D.I. 385) as a party from whom Microsoft would seek discovery on its standing defense.  Although the subpoena to Mr. Fujimura issued from the Northern District of California, this court has the inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Honeywell Int'l Inc. v. Audiovox Commcns. Corp.,* No. Civ. A. 04-1337-K, 2005 WL 2465898, at*2 (D. Del. May 18, 2005) (quoting *Cheyney State College Faculty v. Hufstedler,* 703 F.2d 732, 738 (3d Cir. 1983)).  Therefore, this Court may adjudicate the present discovery dispute and grant the requested relief.  Moreover, because St. Clair and Mr. Fujimura are represented by the same counsel, this Court is uniquely qualified to end the advantage St. Clair has gained from Mr. Fujimura's lack of cooperation and abuse of the discovery rules.

Specifically, on August 8, 2012, Microsoft served a subpoena duces tecum on Mr. Fujimura.  Under Fed. R. Civ. P. 45, Mr. Fujimura had until August 22, 2012 to make any objections to the subpoena, but Mr. Fujimura completely ignored Microsoft's subpoena.  He also ignored all of Microsoft's attempts to communicate with him by telephone regarding that subpoena.

Rather than moving for an order to show cause at that time, Microsoft sent a follow up letter to Mr. Fujimura on August 29, 2012, informing him that Microsoft was operating under a court-ordered discovery deadline and that if he did not respond to

FISH & RICHARDSON P.C.

The Honorable Leonard P. Stark
March 21, 2013
Page 2

the subpoena within one week, Microsoft would be forced to file a motion with the court. The letter also requested that Mr. Fujimura tell Microsoft if he was represented by counsel. Because Microsoft did not receive any response from either Mr. Fujimura or his counsel, on September 25, 2012, Microsoft moved for an order to show cause.

The next day, on September 26, 2012, Mr. Fujimura responded to Microsoft's subpoena duces tecum—through Rader Fishman. (Ex.1.) Mr. Fujimura represented that for each of Microsoft's document requests "he ha[d] no documents within his possession, custody or control."[1] On September 27, 2012, Microsoft responded, pointing out that Mr. Fujimura's claims were implausible given that he had been a director of Vadem for more than a decade and was a sophisticated and long term investor in Vadem, Amphus, and PRP—parties who have been in the chain of title of the asserted patents.

On September 28, 2012, Rader Fishman responded to Microsoft's letter by e-mail stating that "we have confirmed for the second time now that Mr. Fujimura does not have any responsive documents." (Ex.2.) Microsoft asked whether that answer was subject to objections, and on October 3, 2012 Rader Fishman stated for a third time that "Mr. Fujimura does not have any responsive documents" and explained that "[t]here is no 'objection' qualification to that statement." On October 4, 2012, Rader Fishman again reiterated Mr. Fujimura's claims, telling Microsoft's counsel by telephone that Mr. Fujimura stated that "he has no documents" after he was asked "twice."

During Mr. Fujimura's November 2, 2012 deposition, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[1] Subsequently produced documents create reason to question what—if any—investigation Rader Fishman and Fujimura did before representing on September 26th that Fujimura had no documents. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

F ISH & R ICHARDSON P.C.

The Honorable Leonard P. Stark
March 21, 2013
Page 3



In response to Microsoft's letter of November 14, 2012, which detailed Mr. Fujimura's deficient search for and production of documents, Rader Fishman again stated that "[h]e found no responsive documents" to Microsoft's subpoena.  (Letter from Glenn Forbis to Tara Elliott dated November 20, 2012, Ex.3.)  Moreover, Rader Fishman stated that "[s]ince [Microsoft's] letter, Mr. Fujimura has re-confirmed that he has no documents responsive to your requests."  (*Id.* (emphasis added).)

However, two days later Mr. Fujimura and Rader Fishman completely reversed their position regarding the nonexistence of documents—which were repeated for two months in letters, e-mails, and sworn testimony.  In an e-mail of November 22, 2012, Rader Fishman stated that "we were informed late yesterday afternoon that Mr. Fujimura unexpectedly located additional documents that relate to Vadem and/or Amphus."  (Ex. 4.)  On December 14, 2012, Rader Fishman produced 98 responsive documents, many of which have never been produced by any other party in this action.

Microsoft has been prejudiced by Mr. Fujimura's contempt for his discovery obligations.  Therefore, under the court's inherent power to sanction[2] and Fed. R. Civ. P. 37, Microsoft seeks a second deposition of Mr. Fujimura in Wilmington, Delaware without limitation in time or in scope, except as otherwise governed by the Federal Rules of Civil Procedure.  Microsoft also seeks costs for both depositions, and Microsoft's fees for the show-cause motion practice in the Northern District of California.

---

[2] "There can be no dispute that Federal courts have inherent power to impose sanctions for a party's misconduct." *In re Intel Corp. Microprocessor Antitrust Litigation*, 562 F. Supp. 2d 606, 610-11 (D. Del. 2008) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

FISH & RICHARDSON P.C.

The Honorable Leonard P. Stark
March 21, 2013
Page 4

Respectfully,

*/s/ Tara D. Elliott*

Tara D. Elliott

cc:    Clerk of the Court (by CM/ECF)
        Counsel of Record (by CM/ECF)